UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IAN ALBRIGHT,

      Plaintiff,                            Case No. 16-14100

v.                                    Paul D. Borman
                                    United States District Judge

COMMISSIONER OF            David R. Grand
SOCIAL SECURITY,           United States Magistrate Judge

        Defendant.
_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S
FEBRUARY 7, 2018 REPORT AND RECOMMENDATION (ECF NO. 15),
(2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 16),
(3) GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 12),
(4) DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT (ECF NO. 9); and
(5) AFFIRMING THE FINDINGS OF THE COMMISSIONER

On February 7, 2018, Magistrate Judge David R. Grand issued a Report and

Recommendation to Deny Plaintiff's Motion for Summary Judgment and Grant

Defendant's Motion for Summary Judgment in this action for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI").  (ECF No. 15, Report

and Recommendation.)  On February 20, 2018, Plaintiff filed Objections to the Report

and Recommendation. (ECF No. 16.) On March 6, 2018, Defendant filed a Response

to Plaintiff's Objections.  (ECF No. 17.) Plaintiff filed a reply. (ECF No. 14.)

Having conducted a *de novo* review, pursuant to 28 U.S.C. § 636(b)(1), of those parts of the Magistrate Judge's Report and Recommendation to which specific objections have been filed, the Court OVERRULES Plaintiff's Objections, ADOPTS the Magistrate Judge's Report and Recommendation, GRANTS Defendant's Motion for Summary Judgment (ECF No. 12), DENIES Plaintiff's Motion for Summary Judgment (ECF No. 9), and AFFIRMS the findings of the Commissioner.

## I.    BACKGROUND

Plaintiff Ian Albright filed applications for DIB and SSI on July 29, 2011, alleging a disability onset date of December 28, 2009.  (ECF No. 6, Transcript ("Tr.") 87-88, 287-303.)   The Michigan Disability Determination Service denied these applications and Albright requested a hearing which was held before Administrative Law Judge Oksana Xenos on March 14, 2013.  On April 23, 2013, ALJ Xenos issued a written decision finding Albright not disabled.  Albright sought review of that decision by the Appeals Council, which vacated ALJ Xenos's decision and remanded for further administrative proceedings.  (Tr. 119-144.)  The Appeals Council gave specific direction as to matters that were required to be addressed on remand.  (Tr.

142-44.)[1]

The second administrative hearing was held on November 12, 2014, before ALJ Kendra Kleber. Albright and Vocational Expert Donald L. Hecker, PhD, testified at the November 12, 2014 hearing. (Tr. 39-86.) On January 5, 2015, ALJ Kleber issued a 31-page written decision, finding Albright not disabled. (Tr. 8-38.) ALJ Kleber acknowledged at the outset of her decision the specific directives she had received from the Appeals Council and summarized the new evidence that she had received and incorporated into the record. (Tr. 11.) On September 29, 2016, the Appeals Council denied Albright's request for review of ALJ Kleber's January 5, 2015 decision. (Tr.

---

[1] The Appeals Council directed the Administrative Law Judge on remand to:
- Consider and weigh all third party statements, particularly Albright's parents' statements, consistent with SSR 06-03;
- Further evaluate the opinion evidence, specifically the opinion offered by treating source Mark Deskovitz, PhD, ABPP;
- Ensure that the administrative record is complete and that all medical records pertaining to the claimant are marked and made a part of the record;
- Give further consideration to the claimant's maximum residual functional capacity ("RFC") and provide rationale with specific references to evidence of record;
- Obtain evidence from a vocational expert ("VE") to clarify the effect of the assessed limitations on the claimant's occupational base; and
- Offer the claimant an opportunity for a hearing, address the evidence submitted, take any further action required to complete the administrative record, and issue a decision.

(Tr. 142-44.)

1-5.) Albright timely filed for judicial review of that final decision, and this Court referred the matter to Magistrate Judge David Grand for a Report and Recommendation, which was issued on February 7, 2018. (ECF No. 15, "R&R".) Now before the Court are Plaintiff's Objections to the Magistrate Judge's R&R. (ECF No. 16, Objections.) Throughout each of these filings and appeals, Albright has been represented by his present attorney in these proceedings, Gerald Skupin.

On November 12, 2014, the date of the second administrative hearing before ALJ Kleber, Plaintiff was 26 years old. (Tr. 47.) Plaintiff alleges the following "physical or mental conditions (including emotional or learning problems) that limit [his] ability to work:" depression, anxiety, psychosis, possible head injury, ADHD, ADD, suicidal thoughts, generalized anxiety disorder, racing thoughts, voices in his head, insomnia, PTSD, back trouble, sleep apnea, ticks, symptoms of Tourettes, possible schizophrenia. (Tr. 341.)

Plaintiff graduated from high school in 2007 and did not attend special education classes. (Tr. 342.) In his September 19, 2011 Work History Report, Plaintiff reported intermittent jobs as a child care provider, server/busboy/cleaner, chemical specialist for the United States Army, and a standby delivery helper for United Parcel Service. (Tr. 360-68.) Plaintiff's work for the United States Army was at Fort Bragg in North Carolina, where he became "hazmat certified" and performed

the duties of a chemical specialist. (Tr. 55.) ALJ Kleber noted this work history but found that none of his earning records during this time frame demonstrated work that constituted substantial gainful activity. (Tr. 14.)

Plaintiff testified at the November 12, 2014 hearing that he had worked full time from June 2012 through September 2012, as a sales representative for Verizon, selling phones and setting them up for customers. Plaintiff liked his job at Verizon "more than any other job he had," that is "until [he] was fired." (Tr. 14, 49-51.) Plaintiff's full-time work for Verizon did not include any accommodation for his alleged impairments. (Tr. 14.) Plaintiff testified that he believes he was terminated by Verizon because he did not enjoy reaching out to customers in follow-up because he was more focused on selling. He also admits that he took money from the cash register at Verizon, although he claims to have "replaced it the same day." (Tr. 51-53.)

ALJ Kleber found that Plaintiff's work for Verizon was not "an unsuccessful work attempt" because the record did not support a finding that he stopped working at Verizon because of his conditions. Thus, ALJ Kleber concluded that Plaintiff had engaged in substantial gainful activity from August 2012 through September 2012, but that he did not engage in substantial gainful activity for a continuous twelve-month period beginning on October 1, 2012. (Tr. 14.) ALJ Kleber thoroughly

evaluated the severity of Plaintiff's impairments and the impact of Plaintiff's impairments on his residual functional capacity ("RFC") to perform available work and ultimately concluded that Plaintiff was not disabled. (Tr. 14-31.) Plaintiff's medical records are discussed below as relevant to his Objections.

## II.    STANDARDS OF REVIEW

### A.    *De Novo* Review of Objections Under 28 U.S.C. § 636(b)(1)

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed "specific written objection" in a timely manner. *Lyons v. Comm'r Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (quotation marks and citation omitted). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). "'[B]are disagreement with the conclusions reached

by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (quoting *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)).

### B.    The Substantial Evidence Standard

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are "supported by substantial evidence" and made "pursuant to proper legal standards." *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing 42 U.S.C. § 405(h) and *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)); *see also McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance") (internal quotation marks omitted). "If the Commissioner's decision is supported by substantial evidence, [the

court] must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)).

As to whether proper legal criteria were followed, a decision of the SSA supported by substantial evidence will not be upheld "where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

"This Court does not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*, 25 F.3d at 286. "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (noting that the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

"Judicial review of the Secretary's findings must be based on the record as a whole." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001)). Therefore, "[b]oth the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]." *Id.* (citing *Walker v. Sec'y of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989)). *See also Conley v. Comm'r of Soc. Sec.*, No. 13-cv-13072, 2015 WL 404229, at *10 (E.D. Mich. Jan. 29, 2015) ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

"[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

## III. ANALYSIS

As an overarching failing, Plaintiff's Objections are largely just restatements of arguments (in some instances virtually verbatim from Plaintiff's summary judgment briefs) that were rejected by the Magistrate Judge that do not direct the

Court to the source of the error allegedly committed by the Magistrate Judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard*, 932 F.2d at 509. Such general disagreements with the conclusions reached by the Magistrate Judge do not merit review by this Court, as noted *infra* where appropriate. Nonetheless, the Court addresses Plaintiff's arguments, none of which demonstrate that the Magistrate Judge erred in his analysis or conclusions.

### A.  Objection One: The ALJ's Consideration of Albright's Father's Statements.

The Appeals Council remanded on this issue because it appeared that the first ALJ, ALJ Xenos, discounted Albright's father's statements purely based on "family loyalties," which is contrary to the directive in SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). SSR 06-03p provides as follows, in relevant part, with regard to statements from non-medical sources (including family members):

> Information from these "other sources" cannot establish the existence of a medically determinable impairment. Instead, there must be evidence from an "acceptable medical source" for this purpose. However, information from such "other sources" may be based on special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.

*         *         *

In considering evidence from "non-medical sources" who have not seen the individual in a professional capacity in connection with their impairments, such as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence.

*　　　　　*　　　　　*

Although there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these "other sources," or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.

2016 WL 2329939, at *2, *6.

On remand, ALJ Kleber did not repeat the error of ALJ Xenos that was identified by the Appeals Council and did not simply dismiss the father's statements as discredited due to family loyalties. To the contrary, ALJ Kleber did exactly what SSR 06-03p requires – she evaluated the father's statements in light of other record evidence and explained why she found his statements in conflict with other record evidence. The Magistrate Judge did not err in concluding that the ALJ properly considered Plaintiff's father's statements. The ALJ explained that she found the father's statements to be in conflict with Plaintiff's own statements about his ability to function. (Tr. 28.) The Magistrate Judge satisfied SSR 06-03p by clearly

explaining the "weight given to [the father's] opinions," which allowed the Magistrate Judge and this Court "to follow the [her] reasoning . . . ."[2]

Also included within this Objection is Plaintiff's criticism of the ALJ's treatment of Dr. Bertram's opinion. (Objs. 2-3, PgID 1668-69). The Magistrate Judge ruled that Plaintiff's arguments regarding Dr. Bertram were waived as a result of Plaintiff's failure to provide any analysis of the ALJ's alleged mishandling of Dr. Bertram's opinion. The Magistrate Judge also rejected the meager rationale Plaintiff endeavored to offer in his Reply. (R&R 26-27, 27 n. 5, PgID 1658-59.) In his Objections, Plaintiff points to no specific error on the Magistrate Judge's part but argues that the ALJ erroneously assumed that Dr. Bertram based his October 24, 2014 opinion regarding Plaintiff's impairments on information that Dr. Bertram obtained from Plaintiff's father. This argument lacks merit and there was no error here. ALJ

---

[2] Unsurprisingly Plaintiff does not appeal that portion of the Magistrate Judge's Order rejecting Plaintiff's argument regarding the ALJ's decision not to hear additional testimony from Plaintiff's father at the administrative hearing. Counsel's statements in his summary judgment brief that the ALJ *refuse*d to take testimony from Plaintiff's father is a gross misrepresentation of what occurred. In fact, it was Plaintiff's counsel's (Mr. Skupin's) representations at the administrative hearing that Plaintiff's father really had "nothing to add" to his previous written statements other than to expand upon issues regarding Plaintiff's ability to "control[] money and mak[e] wise decisions," that reasonably prompted ALJ Kleber to decline to hear any additional cumulative testimony from the father. (Tr. 84-85.) The ALJ did not deny Plaintiff's father the opportunity to testify and Plaintiff's counsel offered no objection to the ALJ's decision not to hear additional testimony from Plaintiff's father, who reportedly had "nothing to add."

Kleber observed that Dr. Bertram was not a treating physician, evaluated Plaintiff only once, and she noted that at that visit Dr. Bertram relied principally on Plaintiff's father's reporting of his son's symptoms. (Tr. 27.) Specifically, Dr. Bertram's notes state as follows: "His father was present for this exam and able to more eloquently describe his son's symptoms and history, with the Veteran agreeing and speaking only a few times . . . ." (Tr. 1372.) The ALJ also noted that Dr. Bertram offered his October 24, 2014 opinion with reference to a VA standard that does not apply in DIB/SSI proceedings. (Tr. 27.) The ALJ relied on substantial evidence in giving Dr. Bertram's October 24, 2014 opinion little weight.

Plaintiff's First Objection is OVERRULED.

**B.      Objection Two: The ALJ's Analysis of the VA's Records.**

Plaintiff fails to direct the Court's attention to any specific error that the Magistrate Judge committed in his analysis of the ALJ's consideration of the VA disability ratings, instead simply reiterating his summary judgment arguments without once mentioning any particular error on the Magistrate Judge's part. Such general objections do not merit review. In any event, the argument lacks merit.

Magistrate Judge Grand correctly declined to rely on the standard proffered by the Plaintiff from a Fifth Circuit opinion, *Olson v. Schweiker*, 663 F.2d 593 (5th Cir. 1981), that would give a VA disability rating "great weight." (Pl.'s Objs. 3, PgID

1669.) As the Magistrate Judge expressly stated in his Report, *Olson* "is at odds with the Sixth Circuit precedent" that is binding on this Court. (Report 13-14, n. 3, PgID 1645-46.) As Magistrate Judge Grand correctly pointed out in admonishing Plaintiff for relying on *Olson*, the Sixth Circuit "ha[s] not specified the weight [a disability rating from the VA] should carry when determining social security disability eligibility." (Report 13, PgID 1645.) This Court rejects Plaintiff's continued suggestion that *Olson's* "great weight" standard should be applied here.

The Magistrate Judge correctly concluded that ALJ Kleber did not err in her analysis of the VA records. The ALJ specifically noted the February 14, 2013 VA 50% disability determination and also noted that the VA subsequently found Plaintiff "incompetent to handle his own financial affairs and appointed a fiduciary." (Tr. 25, citing Ex. 24E, pp. 6, 9.) While the ALJ did not specifically mention a November 5, 2014 letter from the VA noting that Plaintiff's combined service-connected disability was 100% (Tr. 512, Ex. 24E p. 4), it is clear that she did consult Exhibit 24E and she was not required to address every page of every exhibit that she reviewed. *Kornecky*, 167 F. App'x at 508. The ALJ cogently explained that she considered the VA's disability determination but gave it only partial weight based upon other record evidence that belied a finding of total disability. Specifically, the ALJ noted that in 2012, Plaintiff did in fact engage in full-time work for Verizon, without missing a

14

single day and without any type of accommodation for his impairments. (Tr. 25, 49-51, 73.) The ALJ also gave the VA disability ratings only partial weight because the record evidence clearly demonstrated that when Plaintiff was compliant with his medication regimen, and when he was not abusing his prescription medications, his impairments were substantially improved. (Tr. 25, 76.) The Magistrate Judge correctly observed that the Sixth Circuit has not determined any specific weight that should be given VA disability ratings. *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 510-11 (6th Cir. 2013) (holding that ALJ was not bound by VA 100% disability rating, which "is only one factor to be considered in making a social security disability finding"). As the Sixth Circuit observed in *Ritchie*, and as the Magistrate Judge noted here, the Social Security regulations, while requiring that such ratings be considered, also expressly state that decisions by other governmental agencies are not binding on the Commissioner. *See Ritchie*, 540 F. App'x at 510 (citing 20 C.F.R. § 404.1505); R&R at 14, citing 20 C.F.R. § 404.1504, 416.904, SSR 06-03p. The Magistrate Judge correctly concluded that ALJ Kleber did not err in her consideration of the VA disability ratings.

Plaintiff also suggests in his Second Objection (again pointing to no specific error on the Magistrate Judge's part) that his employment with Verizon "should be classified as an unsuccessful work attempt." (Objs. 4, PgID 1670.) The ALJ

expressly rejected this argument, citing substantial evidence to support her conclusion that the record did not support such a finding. (Tr. 14.) Plaintiff testified that he worked full-time at Verizon for over a two-month period without accommodation of any type, that he had no trouble meeting the 40 hours required, and never missed a day of work. Plaintiff testified that he enjoyed the Verizon job more than any other job he had ever had, and admitted that he was caught taking money from the cash register. Plaintiff explained to the ALJ that he thought he was terminated by Verizon because he was not keeping up with his "customer outreach" duties, but when asked by the ALJ why he wasn't fully performing those duties, Plaintiff explained that he didn't think the "outreach" tasks were as important as other things he was doing at work. (Tr. 52.) And when asked by the ALJ why he was only seeking part-time work at the time of the administrative hearing, when the full-time work at Verizon had been so successful, Plaintiff responded that he was only seeking part-time work because he wanted to go back to school and "get [his] grades back up to where they should be." (Tr. 73.) The ALJ's conclusion that the record did not show that Plaintiff was forced to stop working at Verizon because of his conditions, and that Plaintiff's work at Verizon was not an unsuccessful work attempt, was supported by substantial evidence.

Plaintiff's Second Objection is OVERRULED.

**C. Objection Three: The ALJ's Application of the Treating Physician Rule.**

"A medical opinion from a treating source must be given controlling weight if it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques,' and 'is not inconsistent with other substantial evidence in [the] case record.'" *Spicer v. Comm'r of Soc. Sec.*, 651 F. App'x 491, 492-93 (6th Cir. 2016) (quoting *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)). The "treating source rule" is a "mandatory procedural protection" that requires an ALJ to give "good reasons" for disregarding the opinion of a treating physician. *Sawdy v. Comm'r of Soc. Sec.*, 436 F. App'x 551, 554-55 (6th Cir. 2011). The social security regulations set forth a list of factors to be considered by the ALJ in deciding to give a treating source non-controlling weight, but an ALJ need not necessarily address each of these factors. *See, e.g., Tess v. Comm'r of Soc. Sec.*, No. 14-cv-14877, 2016 WL 454446, at *6 (E.D. Mich. Feb. 5, 2016) ("There is no per se rule that requires an articulation of each of the six regulatory factors listed in 20 C.F.R. § 404.1527(c)(2)-(6).") (citing *Norris v. Comm'r*, No. 11-11974, 2012 WL 3584664, at *5 (E.D. Mich. Aug. 20, 2012) (citing *Tilley v. Comm'r*, 394 F. App'x. 216, 222 (6th Cir. 2010)). The ALJ's explanation of his or basis for discounting a treating source "must be sufficiently specific to make clear to any

subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting Soc. Sec. Rul. 96-2, 1996 WL 374188, at *5 (1996)). If the ALJ has "has met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons," the failure to address each of § 1527(d)(2)'s factors may be "harmless error." *Id*. at 547. *See also Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 827 (E.D. Mich. 2017) ("[T]here is no *per se* rule that requires a written articulation of each of the six regulatory or "*Wilson* factors" listed in 20 C.F.R. §§ 404.1527(c)(2)–(6), 416.927(c)(2)–(6). *Tilley v. Comm'r of Soc. Sec.*, 394 Fed. Appx. 216, 222 (6th Cir. 2010). In other words, the regulations do not require 'an exhaustive factor-by-factor analysis.' *Francis v. Comm'r of Soc. Sec.*, 414 Fed. Appx. 802, 804–805 (6th Cir. 2011) (citing § 404.1527(d)(2))). "'An administrative law judge may give more weight to the opinions of examining or consultative sources where the treating physician's opinion is not well-supported by the objective medical records.'" *Spicer*, 651 F. App'x at 493 (quoting *Dyer v. Soc. Sec. Admin*., 568 F. App'x 422, 428 (6th Cir. 2014)).

Plaintiff objects to the Magistrate Judge's finding that substantial evidence supported the ALJ's decision for the weight she gave to Dr. Deskovitz's February 20, 2013 opinion. Plaintiff's objection appears to be in part that Magistrate Judge Grand

discussed additional record evidence that ALJ Kleber did not specifically mention. (Objs. 5, PgID 1671-72.)  This is not error.  "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]."  *Heston*, 245 F.3d at 535; *Conley*, 2015 WL 404229, at *10 ("The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ.").

The remainder of Plaintiff's Third Objection regarding Dr. Deskovitz fails once again to point to specific errors committed by the Magistrate Judge, merely restating arguments Plaintiff made in his summary judgment brief.  Indeed, there is no reference to the Magistrate Judge or his review at all until the fourth paragraph of the Objection, which merely argues (as discussed *supra*) that Magistrate Judge Grand did a more thorough job of reviewing Dr. Deskovitz's opinions than the ALJ had done. Plaintiff's Third Objection does not merit *de novo* review and in any event his argument lacks merit, as the Magistrate Judge correctly concluded after a thorough review of the ALJ's decision and the record evidence.

The ALJ expressly acknowledged the directive from the Appeals Council to consider the opinion of treating source Deskovitz, PhD. (Tr. 11.)  And ALJ Kleber did just that, citing to extensive record evidence, including Dr. Deskovitz own treatment notes, in support of her decision to give Dr. Deskovitz's February 20, 2013

opinion, that was at odds with that evidence, little weight. (Tr. 20-22, 26.) The Magistrate Judge thoroughly and correctly reviewed all of this evidence, and cited to additional supporting evidence, and Plaintiff has failed to direct this Court to any particular error in the Magistrate Judge's reasoning or legal conclusions.

Plaintiff also seemingly objects to the Magistrate Judge's evaluation of the ALJ's decision to give Dr. Weiss's opinion little weight. (Objs. 6-7, PgID 1672-73.) Plaintiff points to no error on the Magistrate Judge's part and merely reasserts the same one-line conclusion that Magistrate Judge Grand correctly concluded was perfunctory and resulted in waiver, i.e. that Dr. Weiss's opinion that Plaintiff is disabled "is consistent with the record as a whole." Making a general reference to the names of other examiners and the VA disability ratings in support of this barebones argument in his Objections does nothing to save it. The argument is perfunctory and undeveloped and the Magistrate Judge correctly ruled that it was waived.

Plaintiff's Third Objection is OVERRULED.

**C.    Objection Four: The ALJ's Analysis of the VE's Testimony.**

Plaintiff alleges that the Magistrate Judge erred in concluding that the ALJ's failure to ask the VE at the hearing whether there was an inconsistency between the VE's testimony and the occupational information supplied by the DOT required a remand. (Objs. 7, PgID 1673.) Plaintiff argues that the ALJ did not follow the

directive of the Appeals Council, which directed the ALJ on remand to:

> Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

(Tr. 143.)

ALJ Kleber complied with this directive in full. First she "obtained evidence" from a VE to clarify the effect of the limitations that the ALJ found credible based on the record as a whole. (Tr. 78-79, 80-81.) Next ALJ Kleber "asked" the vocational expert at the hearing to identify appropriate jobs and to state the incidence of those jobs in the economy. (Tr. 81-83.) Then, before relying on the VE's evidence, ALJ Kleber expressly determined that there were no conflicts with the DOT or the SCO: "Pursuant to SSR 00-4p, I have determined that the vocational expert's testimony is consistent with the information contained in the *Dictionary of Occupational Titles* and its companion volume, *Selected Characteristics of Occupations*." (Tr. 30.) Although the ALJ did not ask the VE at the hearing to confirm that there was no conflict, the

Appeals Council remand didn't expressly require that the ALJ "ask" the VE to confirm the absence of a conflict – it tasked the ALJ with "identify[ing] and resolv[ing] any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations" before relying on the VE's evidence.  (Tr. 143.)  And the ALJ performed that task, concluded that the VE's testimony was consistent with the information contained in those sources, and reported this in her written decision.

However, as the Magistrate Judge noted, the Sixth Circuit has stated that "the Social Security Administration has imposed an affirmative duty on ALJs to ask the VE if the evidence that he or she has provided 'conflicts with [the]information provided in the DOT.'" (R&R 31, PgID 1663) (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 603 (6th Cir. 2009)).  But the goal of requiring the ALJ to ask the question of the VE at the hearing is to "insure that such actual or apparent conflicts are addressed." *Lindsley*, 560 F.3d at 603.  That goal was met here because the ALJ reported in her written decision that she had  determined that no such conflict existed. (Tr. 30.)

In any event, as the Magistrate Judge noted, the failure to specifically inquire of the VE at the hearing regarding a conflict with the DOT is harmless error where the

claimant fails to point to a conflict. (R&R 32, PgID 1664.) Plaintiff's attorney raised

no objection at the hearing regarding a potential conflict with the DOT and still in his

Objections fails to identify a conflict between the VE's testimony and the DOT.

Indeed, Plaintiff's Objections do not even identify or discuss any of the jobs identified

by the VE. Rather than identify a conflict between the occupational evidence

provided by the VE and the DOT, Plaintiff continues to disagree with the ALJ's

determination of Plaintiff's functional impairments based on the record as a whole.

"'It is well established that an ALJ may pose hypothetical questions to a vocational

expert and is required to incorporate only those limitations accepted as credible by the

finder of fact.'" *Spicer*, 651 F. App'x at 494 (quoting *Hardaway v. Sec'y of Health &*

*Human Servs.*, 823 F.2d 922, 927-28 (6th Cir. 1987)).

Plaintiff's Fourth Objection is OVERRULED.

## IV.   CONCLUSION

For the foregoing reasons, the Court:

(1)   OVERRULES the Plaintiff's Objections (ECF No. 16);

(2)   ADOPTS the Magistrate Judge's February 7, 2018 Report and

Recommendation (ECF No. 15);

(3)   GRANTS the Commissioner's Motion for Summary Judgment (ECF No.

12);

(4)  DENIES the Plaintiff's Motion for Summary Judgment (ECF No. 9); and

(5)  AFFIRMS the findings of the Commissioner.

IT IS SO ORDERED.


                                    s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated:  September 24, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2018.


                                    s/Deborah Tofil
                                    Case Manager